WALLACE, JUDGE:
On October 7, 1980, a fence along the lower portion of claimants' property was removed by respondent workers pursuant to a Notice of Removal of an Obstruction issued by respondent. The claimants had acquired two parcels of land on the bank of Beech Fork in Union District, Kanawha County, from Clayton and Lona Faye Rhodes by a deed dated March 1, 1972. The first parcel of land is the subject of this action. The Rhodes had acquired the property on March 28, 1946, from Charleston National Bank, and the bank had acquired the property in 1932 from another party.
The Notice of Removal of an Obstruction directed to the claimants stated the following:
"The obstruction is more specifically described as a fence you have placed across State local Service Route 5/3, Pring Drive, in Kanawha County."
*106 The claimants allege that the fence was within the boundary line of their property; that the removal of the fence was within the boundary line of their property; that eh removal of the fence by respondent was an erroneous action, and constituted trespass. The claimants seek $6,900.00.
Michael Mayes, a registered professional engineer, testified that he performed a survey of the property in October 1984. He stated that his survey did not reveal any county road across claimants' property. He came to this conclusion after having reviewed the tax map, right-of-way maps, performing field examinations, and plotting the courses.
He further testified that his survey differed in nine degrees from the calls in the deed to the claimants, the Charleston National Bank deed and the prior owner's deed (Littlepage) . It also differed from the adjacent land owners' deed (the Fertigs). Mr. Mayes testified that the four corners upon which he based his survey were those pointed out to him by Mrs. Dunn.
Mr. Curtis Hamilton Tilton has owned property on Pring Drive since 1951. He testified that the county road had been used "off and on” up until 1984. He stated that in July, 1980, the Dunns erected the fence. He called the fence contractor, Sears and Roebuck, to inform them that they were putting a fence across a State road. He also notified respondent.
Lawrence E. Kitts, District Right of Way agent for District One, in the summer of 1980, examined the 1933 and 1936 maps of respondent, and found evidence of an old county roadway in the vicinity of claimants' property. He determined where the county road was 'by the travel way" or, as he explained, through observation. He checked the records of the respondent to see if this road had ever been abandoned. He did not find any commissioners' orders abandoning this road.
Mr. James Robert Campbell, District Engineer in District One, testified that he issued the obstruction notice sent to the Dunns prior to October 7, 1980. He explained that in 1933 the road in question was designated as 5/3. During the 1940's, the respondent inadvertently picked up Crystal Drive as 5/3 and left the actual location of 5/3 adjacent to claimants' property off the map system of the roads. In
1952, the respondent recognized its error and again picked up Pring Drive as 5/3, but in so doing, the respondent left off the segment adjacent to the back of the Dunn property toward the road then designated as Route 5. At the present time, the road does not have a number assigned to it. However, before issuing the obstruction notice, Mr. Campbell had his staff confirm that the road had not been abandoned by respondent.
The record does not establish that respondent was guilty of trespassing. Although there is some conflicting evidence regarding whether the county road in question has been currently maintained by respondent, there is sufficient evidence to support the fact that claimants' fence was obstructing a public road. Respondent followed the required procedure of notice to claimants before removing the fence. *107 Accordingly, the claim is disallowed.
Claim disallowed.